MIGUEL J. ARZUAGA, Plaintiff and Appellee, v. CÁNDIDO RAMÍREZ MUÑOZ, Defendant and Appellant.

No. 7077. Argued December 11, 1935.—Decided May 29, 1936.

*Llorens Torres & O'Neill* for appellant. *González Fagundo & González Jr.,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

After a summary proceeding under the Mortgage Law in which the creditor had the mortgaged property adjudicated to him, the latter brought a suit in unlawful detainer and obtained judgment. On appeal the parties have discussed the right of homestead that the debtor claimed. The appellee maintains that no defense of homestead was made in the answer. During the course of the trial it transpired that defendant was claiming the right of homestead and showed that he made the claim in the mortgage proceeding, so that in opposition to the claim of the plaintiff, this defense was presented. The answer, if necessary, may be considered

as amended. The suit was one brought precariously and the appellant maintains that where an unsatisfied right of homestead exists the debtor does not hold precariously.

Section 4 of the Homestead Act provides:

"That no sale shall be made, under a judgment or execution of any such farm, plantation or lot of land and dwellings thereon, when the same is claimed or occupied as a homestead, unless a greater sum than five hundred dollars is obtained therefor. In case such farm, plantation or lot of land and buildings thereon, shall be sold for more than five hundred dollars the excess over said last mentioned sum shall be paid to the creditor and the sum of five hundred dollars shall be paid to the debtor, and shall be exempt from execution under a judgment or decree for the period of thirty days. *Provided,* That this section shall not apply to any sale made to enforce the payment of taxes due on said property or a debt or liability incurred for the purchase of the same, or for the improvements thereon, or when said sale is made by virtue of any conveyance releasing or waiving such exemption as provided by section three of this act."

Thereunder when there is a sale for cash exceeding $500 and the officers of the court have in their possession $500 for the debtor, his right of homestead disappears. Where, however, the property is adjudicated to the creditor and he does not satisfy to the debtor, or consign in court, the amount of the homestead claim, an unlawful detainer action does not lie. At least that is our opinion for the present and perhaps it is supported to some extent by *Garcia* v. *Trilla* 47 P.R.R. 877.

The appellee seemed to recognize this principle inasmuch as after the conclusion of the unlawful detainer suit and after a previous appeal he consigned $500 in court. The appellant insists that this payment could not relate back to give the appellee a cause of action which did not exist at the time the suit was initiated. Our best judgment is that the unlawful detainer suit was premature and that no cause of action could, or did, arise until a due consignment was made.

The judgment should be reversed and the complaint dismissed.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of the case.